```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION
                     LEXINGTON, KENTUCKY

UNITED STATES OF AMERICA,      ) Lexington Criminal
                               ) Action No. 18-145
     Plaintiff,                )
                               ) At Lexington, Kentucky
-vs-                           )
                               ) November 28, 2018
SHANNON D. HIXON,              ) 1:30 p.m.
                               )
     Defendant.                ) BY ECR
```

       TRANSCRIPT OF INITIAL APPEARANCE AND ARRAIGNMENT
                    HEARING PROCEEDINGS
          BEFORE THE HONORABLE MATTHEW A. STINNETT
           UNITED STATES DISTRICT MAGISTRATE JUDGE

Appearances of Counsel:

On behalf of Plaintiff:      ROGER WEST, ESQ.
                             Assistant U.S. Attorney
                             260 West Vine Street
                             Suite 300
                             Lexington, Kentucky  40507

On behalf of Defendant:      PATRICK F. NASH, ESQ.
                             Nash Marshall Law Firm
                             129 West Short Street
                             Lexington, Kentucky  40507

Court Reporter:              PEGGY W. WEBER, RPR
                             Official Court Reporter
                             U.S. District Court
                             P.O. Box 362
                             Lexington, Kentucky  40588
                             (859) 421-0814


Proceedings recorded by Electronic Court Recording,
transcript produced by computer.

```
 1        (Whereupon, the Initial Appearance and Arraignment
 2   Hearing proceedings by Electronic Court Recording
 3   commenced on Wednesday, November 28, 2018, at 1:30 p.m.,
 4   on the record in open court, as follows.)
 5              THE COURT:  Good afternoon everyone.
 6              Sorry I'm a little bit late.  We'll get to that
 7   in a minute.
 8              Madam Clerk, will you call the 1:30 matter?
 9              THE CLERK:  Yes, Your Honor.
10              Lexington Criminal Action Number 18-145,
11   United States of America versus Shannon D. Hixon, called
12   for initial appearance and arraignment.
13              THE COURT:  Counsel, state their appearance for
14   the record, please.
15              MR. WEST:  Yes, Your Honor.  Good afternoon.
16              Roger West on behalf of the United States.
17              THE COURT:  Good afternoon, Mr. West.
18              MR. WEST:  Yes, sir.
19              MR. NASH:  Good afternoon, Your Honor.
20              Patrick Nash on behalf of Mr. Hixon, who's here
21   to my right.
22              THE COURT:  Good afternoon, Mr. Nash.
23   Good afternoon, Mr. Hixon.
24              DEFENDANT HIXON:  Good afternoon, Your Honor.
25              THE COURT:  So, Mr. Hixon, we're here today for
```

1  an initial appearance and arraignment here in the
2  Eastern District.
3           My intent today is just to make sure you
4  understand your rights moving forward.
5           Also, I want to make sure you understand the
6  allegations against you in the indictment and what the
7  possible penalties are.
8           We'll take a plea, and then we can discuss the
9  next steps moving forward after this hearing.
10          Before we begin, Mr. West, can you confirm for
11 me the government's compliance with the Crime Victims
12 Rights Act?
13          MR. WEST:  Yes, Your Honor.  We have complied
14 with the Crime Victims Act, please.  And if any further
15 notices are required, we'll also make those contacts,
16 please.
17          THE COURT:  All right.  Thank you, Mr. West.
18          So, Mr. Hixon, in terms of your rights I want to
19 go through, there are three general sets that I always
20 discuss with defendants.
21          The first is your right to remain silent.  That
22 means at no point do you have to answer any questions or
23 make any statements whatsoever.
24          At any point if you start to answer a question
25 or start to make a statement, you can stop.  Just know

```
 1  that whatever you do say can be used by the government
 2  against you.
 3              Do you understand that right, sir?
 4              DEFENDANT HIXON:  Yes, Your Honor.
 5              THE COURT:  Thank you, sir.
 6              You also have the right to assistance of
 7  counsel.  You can hire whomever you like, but if you can't
 8  afford to hire counsel, the Court will appoint counsel on
 9  your behalf.
10              I have a copy here of your financial affidavit,
11  and the Court would find that you do qualify for
12  appointment of counsel under the Criminal Justice Act.
13              The Court would envision appointing Mr. Nash as
14  your counsel both today and moving forward throughout the
15  rest of this matter.
16              Would you like me to do that, sir?
17              DEFENDANT HIXON:  Yes, Your Honor.
18              THE COURT:  Okay.  The Court will do that, enter
19  an order appointing Mr. Nash as your counsel.
20              Mr. Nash, as always, thank you, sir.
21              Mr. Hixon, there's one other right I have to
22  explain to you.  I'm not sure it applies to you, but I
23  always have to explain it, and that's called your Consular
24  rights.
25              If you are not a United States citizen, then you
```

1 have a right through the government to inform your home
2 country and notify them of the fact that you've been
3 indicted.
4 　　　　　Again, I don't know if this applies to you, but
5 I want you to understand that right.
6 　　　　　Do you understand that right, sir?
7 　　　　　DEFENDANT HIXON:  Yes, Your Honor.
8 　　　　　THE COURT:  Thank you, sir.
9 　　　　　So at this point, Mr. Hixon, I just want to
10 summarize the basics of the indictment for you that was
11 returned from the grand jury.  There are two counts in the
12 indictment.
13 　　　　　The first count alleges that you knowingly
14 conspired to distribute oxycodone and fentanyl, and the
15 second count alleges that you distributed that fentanyl
16 that resulted in an overdose death.
17 　　　　　Do you understand those two allegations against
18 you, sir?
19 　　　　　DEFENDANT HIXON:  Yes.
20 　　　　　THE COURT:  Okay.  And then the other piece
21 that's also important is I want to make sure you
22 understand the penalties that are set forth in the
23 indictment.
24 　　　　　For the first count, the possible penalties are
25 not more than 20 years imprisonment, a $1 million fine,

1  and at least three years of supervised release.
2           If you have a prior drug felony conviction in
3  your past, those numbers are enhanced to not more than
4  30 years imprisonment, not more than a $2 million fine,
5  and at least six years of supervised release.  That's to
6  Count 1.
7           For Count 2 it's not less than 20 years
8  imprisonment, nor more than life imprisonment, not more
9  than a $1 million fine, and not less than three years
10 supervised release.
11          There's also what's called a mandatory special
12 assessment fee of $100 per count.  If you are found guilty
13 or plead guilty, that amount will be assessed by the
14 District Court Judge, Judge Reeves in this matter.
15          Do you understand the possible penalties that
16 are alleged against you in the indictment, Mr. Hixon?
17          DEFENDANT HIXON:  Yes, Your Honor.
18          THE COURT:  All right.  Thank you, sir.
19          Mr. Nash, can you confirm for me that you've
20 provided a copy of the indictment to your client,
21 discussed that with him, and that his name is spelled
22 correctly, sir?
23          MR. NASH:  Yes, sir.  He has a copy of the
24 indictment.  We have discussed it prior to Court today,
25 and his name is correctly spelled.

```
 1                THE COURT:  Thank you, sir.
 2                Would your client like a formal reading of the
 3   indictment, Mr. Nash?
 4                MR. NASH:  No, sir.  We would waive any formal
 5   arraignment, formal reading of the indictment, enter pleas
 6   of the not guilty to each count.
 7                THE COURT:  All right.  Thank you, sir.
 8                The Court will note that and accept the plea,
 9   and enter a plea of not guilty on your behalf, Mr. Hixon.
10                The trial in this matter is set for January 30th
11   of next year at 9:30, with counsel to appear at 9 o'clock.
12                Judge Reeves following this hearing will enter
13   his standard pretrial scheduling order.
14                Mr. West, how many days do you think you'll need
15   for the trial in this matter, sir?
16                MR. WEST:  Five days, sir, start to finish.
17                THE COURT:  Thank you, sir.  That will be noted.
18                In filing my reason for delay this brings us to
19   the issue of pretrial detention or release, Mr. West.  My
20   understanding is that the Court in Michigan had a
21   detention hearing, released Mr. Hixon under certain
22   conditions, but my understanding is that the government
23   might be doing a different approach here today?
24                MR. WEST:  Yes, Your Honor.  I was in the email
25   contact with the AUSA that covered that hearing up there.
```

1 The objection of the United States release was noted.
2 　　　　Also, the bond report in Michigan also
3 recommended detention.  Magistrate ordered -- Judge
4 ordered him release under a narrow time frame for us to
5 file a motion for a stay.
6 　　　　Once the -- this Court gave the date for him to
7 appear, I contacted the probation office up in Detroit
8 through the same email that Mr. Hixon had been advised of
9 this hearing.
10 　　　　At this point based upon the nature of the
11 allegations, I think the most appropriate statute is
12 18:3145, which is a review of the release order.  We are
13 at this point filing an oral motion for review, an appeal
14 of that release or detention order, followed by a written
15 motion on our behalf, which we filed today.
16 　　　　I believe this is a rare circumstance, it
17 doesn't happen very often, that Judge Reeves would have
18 jurisdiction over that motion or appeal of that order, but
19 I'm not exactly sure.
20 　　　　THE COURT:  That was the debate we were having
21 back in my chambers, whether it is an issue for me to take
22 up or Judge Reeves to take up under 3142 or 3145.
23 　　　　Mr. Nash, do you want to weigh in, sir?
24 　　　　MR. NASH:  Yes, sir.  3145 actually applies to
25 review of either a release order or a detention order.

1               THE COURT:  Right.
2               MR. NASH:  So, in other words, either side can
3    avail themselves of 3145.
4               Mr. West is right, it's quite uncommon, at least
5    in my experience, and it was as well for the government,
6    to take issue with an order of detention or release.  It's
7    much more common for the defense to take issue.  And
8    certainly whenever the defense seeks review of a detention
9    order under that same statute, that routinely goes to the
10   presiding District Judge to decide.  I don't know of any
11   statute that allows, or any authority for that matter,
12   that allows one Magistrate Judge to essentially overrule
13   another once a Magistrate Judge has made a ruling.  And a
14   ruling has been made in this case, and a release order has
15   been entered, and he's been released pursuant to that.  I
16   don't know that another Magistrate Judge has the authority
17   under the statute to reconsider that, overrule it.  I
18   think it has to go to the District Judge at that point.
19              THE COURT:  We had the same arguments, just to
20   be transparent.  We were discussing whether or not we
21   could argue there was new evidence, if Mr. West had any,
22   that would allow me to reopen it, versus a review by
23   Judge Reeves under 3145.  It looks like both of you are
24   heading the 3145 route, which is fine with me.  And we'll
25   tee this up for Judge Reeves.

1           The only problem we're going to then run into is
2  Judge Reeves's schedule, which is -- which is narrow and
3  extremely difficult.  He -- due to travel he's basically
4  available to do the detention hearing later today, which I
5  know may pose a problem this quickly for both of you, or
6  he can do it first thing in the morning at 9 o'clock.
7           MR. WEST:  We're available either time.
8           THE COURT:  Mr. Nash, I know that's a short
9  turnaround for you, sir.
10          MR. NASH:  Right.  So the problem from our
11 perspective is that, yeah, today is the first day I got to
12 meet with the client.  And, obviously, the government has
13 investigated the case and had plenty of time to have the
14 evidence.  We need some time to have -- to be able to
15 prepare for that --
16          THE COURT:  Sure.
17          MR. NASH:  -- and gather evidence.  Obviously,
18 there is -- there are and is pro-release evidence as --
19 that was considered by the Judge in Michigan.  I, frankly,
20 at this point don't even know what the Judge in Michigan
21 what was presented up there.
22          Some presen -- Mr. West is of the opinion, and I
23 don't have any reason to question him, that maybe it
24 wasn't a full-blown evidentiary hearing up there.  But
25 certainly the federal public defender up there was

1 representing him, presented something that caused the
2 Judge there to decide to release over the government's
3 objection. And we would want to have an opportunity to
4 marshall that evidence and be able to present it as well.
5       THE COURT: Could you make tomorrow morning
6 work, or is that too soon?
7       MR. NASH: I mean, I'm available in the morning.
8 I just don't know that that, you know, it's -- whatever it
9 is now, 2 o'clock in the afternoon.
10       THE COURT: Yeah, I mean, I understand. That's
11 just --
12       MR. NASH: And the evidence may exist up there.
13 It may be a situation where I need witnesses and evidence
14 to -- from Michigan to be able to present.
15       You know, I would say this, Your Honor. He is
16 currently released on conditions, strict conditions, that
17 include electronic monitoring. He was ordered to be here
18 this morning at 9:00 to meet with probation. He traveled
19 down. He has family with him that traveled with him.
20 They presented themselves at probation as directed. He
21 was directed to be here today. Here he is.
22       I don't know that there's any concern at this
23 point given the very strict conditions. You know, the
24 conditions include not just electronic monitoring but a
25 curfew. They include travel restrictions obviously. An

1 appearance bond was signed by him in Michigan, a $10,000
2 appearance bond.  We have a third-party custody agreement
3 signed by Mr. Anthony Burgess who is the gentleman here
4 today.  It was signed in Michigan certifying third-party
5 custody.  He's actually ordered to reside with
6 Mr. Burgess, which is where he is residing.  So he's on
7 strict conditions that he is complying with.
8 　　　　　So if the Court would allow the detention -- the
9 review of the detention hearing to occur, for instance,
10 sometime next week, I think that would give us adequate
11 amount of time to get together what we need to get
12 together.  He's on these conditions that are -- that I
13 think, and I submit, are very adequate.  He can remain on
14 those until the hearing, and I think that would be an
15 appropriate resolution.
16 　　　　　THE COURT:  Mr. West, what's your response?
17 　　　　　MR. WEST:  We're ready when the Court is ready,
18 Your Honor.  I understand what Mr. Nash is saying, and I
19 don't mean this in any way disrespectfully to the Court in
20 Detroit, but release on -- for defendants charged in the
21 Eastern District of Kentucky is very common over our
22 objections.  In the past we've asked for stays, in other
23 words, in the past we were given a very small window.
24 What happened in this matter was just before Thanksgiving,
25 which was the end of leave on holidays for many people.

1              I'm prepared to go forth when the Court says to
2    go forth, either this afternoon, tomorrow morning, or a
3    day convenient in this matter.
4              And I'll also submit the Pretrial Services
5    Report as far as evidence we're requesting are detention.
6    And it is a presumption offense, when we bring this issue
7    with it.
8              MR. NASH:  If I might.
9              THE COURT:  Sure, sure.
10             MR. NASH:  On that point, I think it starts off
11   as a presumption, but once the hearing has been held and
12   once a Judge, whether they believe that it was as thorough
13   as they would have liked it to have been or not, the fact
14   remains United States Magistrate Judge held a hearing --
15             THE COURT:  Sure.
16             MR. NASH:  -- with the participation of the
17   United States Attorney's office and the probation office
18   up there.  And I can't imagine did not fully consider
19   everything that was offered at that hearing, including the
20   probation report.
21             And once that Judge -- once that hearing is
22   conducted and all that's considered and the ruling is made
23   it's a very, in my opinion, thorough release order.  It's
24   not just an off-the-cuff release order.  This was
25   carefully tailored to this gentleman's case down to a

1 curfew and residing with a family member, third-party
2 custodian, so it was a thoughtful release order.  I think
3 at that point the burden is on the government to establish
4 why that is erroneous, why that order that was entered in
5 error would be our position, Your Honor.
6 　　　　　　THE COURT:  I agree with you on the standard.
7 We're under 3145 not 3142 if we do this.  That's the good
8 news I agree with you, Mr. Nash.  The bad news is the best
9 I can help you with is Judge Reeves gave me 9 o'clock
10 tomorrow morning is the latest that he can do it.  I
11 acknowledge that doesn't give you a lot of time, but his
12 calendar is just a nightmare right now, and it's the best
13 we can do, and it's when he can hear the parties and
14 address this.  That's the latest.  That's the most amount
15 of time I can give you.  And I acknowledge up front that's
16 not a lot of time, Mr. Nash.
17 　　　　　　But I will coordinate with Judge Reeves's
18 chambers, and we will schedule this for a hearing tomorrow
19 morning at 9 o'clock here in Lexington.
20 　　　　　　Mr. Hixon, obviously, it behooves you to appear
21 for that hearing.  Any nonappearance would be a violation
22 of your supervised release conditions.
23 　　　　　　And then Judge Reeves can take a look at the
24 record under 3145 that was developed in Detroit on that
25 matter strictly to determine whether or not the release

1  order is appropriate or not.  That's a question for
2  Judge Reeves to tackle under the relevant standards.
3             So we'll set that out.
4             Mr. West, anything else we need to do today here
5  in this matter?
6             MR. WEST:  I don't think so, Your Honor.  As far
7  as the defendant's bond at this moment, as far as our
8  position, he is still under bond issued out of the
9  Eastern District of Michigan.  Until that order is
10 revoked, I have no trouble with him staying on his bond
11 conditions, at least until the hearing tomorrow morning.
12            THE COURT:  Okay.  That's what I was wanting to
13 ask you was about interim detention.
14            Mr. Nash, anything else we need to take up here
15 today?
16            MR. NASH:  No, sir.
17            THE COURT:  All right.  Thank you everyone.  You
18 guys, we'll stand adjourned for the day, but I guess we'll
19 see you guys tomorrow at 9:00 a.m. before Judge Reeves.
20            Thank you all.
21      (Whereupon, the Electronic Court Recording of the
22 Initial Appearance and Arraignment Hearing proceedings
23 concluded at 1:55 p.m.)
24
25

```
 1                    C E R T I F I C A T E
 2       I, Peggy W. Weber, certify that the foregoing is a
 3  true, correct, and complete transcript of the
 4  audio-recorded proceedings in this matter, recorded on
 5  November 28, 2018, and transcribed from the audio
 6  recording to the best of my ability, and that said
 7  transcript has been compared with the audio record.
 8
 9
    May 3, 2019                      Peggy W. Weber
10                                   PEGGY W. WEBER,RPR
                                     Official Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```