UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 18-145-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHANNON D. HIXON, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Shannon Hixon was convicted at trial of one count of conspiring to distribute a quantity of pills containing a detectable amount of oxycodone and/or a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. He was also convicted of one count of knowingly and intentionally distributing a mixture or substance containing fentanyl, the use of which resulted in the overdose death of K.F., in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). [Record No. 72] Sentencing is scheduled for December 6, 2019. [Record No. 73]

The government filed a notice of prior conviction under 21 U.S.C. § 851, explaining that if the defendant was convicted of Count 2, he would be subject to an enhanced statutory punishment under 21 U.S.C. § 841(b)(1)(C) because he had a prior final drug felony conviction for trafficking in a controlled substance first degree from May 7, 2004, in Fayette Circuit Court. [Record No. 55] Hixon disputes whether his prior felony drug conviction qualifies to enhance his statutory punishment.

Hixon filed a response to the § 851 notice asserting that the First Step Act modified the language enhancing penalties in 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), but failed to modify the language under § 841(b)(1)(C). [Record No. 63] He contended that this must be a drafting error because narrowing the categories triggering mandatory minimums under § 841(b)(1)(A) and § 841(b)(1)(B) but not § 841(b)(1)(C) incentivizes trafficking high quantities of drugs.[1] [*Id.*] He argued that the only way to effectuate Congressional intent, avoid unjust sentencing disparities, avoid violations of the Eighth Amendment, Equal Protection, and the Due Process Clause is to interpret the changes to "serious drug felony" under § 841(b)(1)(A) and § 841(b)(1)(B) and apply it to § 841(b)(1)(C) or strike the § 851 notice. [*Id.*]

This matter came for a hearing on August 16, 2019, to determine the validity of the defendant's prior conviction. The government presented a certified copy of the defendant's prior conviction and judgment from the Fayette Circuit Court. [U.S. Ex. 1] Hixon did not contest the fact of the underlying conviction, the identity of the defendant, or that he received proper notice of the prior conviction. Instead, he argued that § 841(b)(1)(C) is unconstitutional because it violates the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment. The Court concluded that the provision was constitutional both before and after the amendments to the statute by the First Step Act. The question presented in this

---

[1] The United States Court of Appeals for the Sixth Circuit recently held that the First Step Act did not impact the qualifying convictions under 21 U.S.C. § 841(b)(1)(C) for a sentencing enhancement. *United States v. Wiseman*, No. 18-3904, 2019 U.S. App. LEXIS 22290, at *10-11 (6th Cir. July 26, 2019). The Court explained that "the First Step Act did not alter the definition of 'felony drug offenses' that serve as qualifying convictions under 21 U.S.C. § 841(b)(1)(C)." Because the defendant had been convicted under § 841(b)(1)(C), even if he had been sentenced after the enactment of the First Step Act, the Act could not provide him any relief.

memorandum order is whether Hixon's 2004 conviction for trafficking in cocaine qualifies as a "felony drug offense."

An individual is subject to a sentence of life imprisonment if he has a prior conviction for a felony drug offense that has become final. 21 U.S.C. § 841(b)(1)(C). A felony drug offense is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Trafficking in cocaine involves conduct related to a narcotic drug within this definition. 21 U.S.C. § 802(17)(D) (providing that cocaine is a narcotic drug); *see also United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) (explaining that "§ 802(44) only requires that the state statute criminalize conduct 'relating' to drugs," with "the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense[.]'").

The 2004 version of Kentucky Revised Statutes § 218A.1412 provided that a person was guilty of a Class C felony for a first offense of trafficking in a controlled substance in the first degree. *See United States v. Lockett,* 359 F. App'x 598, 604-05 (6th Cir. 2009) (viewing the statute at the time of the prior conviction). A Class C felony is punishable by at least 5 years but not more than 10 years in Kentucky. Ky. Rev. Stat. §§ 532.020(1)(b); 532.060(2)(c). Accordingly, Hixon was convicted of a drug offense that is punishable by more than one year, which qualifies as a "felony drug offense" under 21 U.S.C. § 841(b)(1)(C). Therefore, it is hereby

**ORDERED** that Defendant Shannon Hixon's objection to the government's notice regarding his prior conviction is **OVERRULED**.

Dated: August 16, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky