UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 18-145-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHANNON D. HIXON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Shannon Hixon has submitted three objections to the presentence investigation report ("PSR") prepared in his case. He first objects to the imposition of the statutory mandatory minimum term of life imprisonment. In support, Hixon asserts that his prior felony drug conviction does not fit within the meaning of a "felony drug offense" which results in an enhanced statutory penalty. Within this objection, he also contends that sentencing him to a mandatory term of life imprisonment violates his Due Process and Equal Protection rights. Second, Hixon makes a factual objection regarding the testimony of the forensic toxicologist. And third, he objects to the conclusion that he has the limited ability to pay a fine.

This opinion addresses Hixon's first two objections. Because Hixon's prior conviction qualifies as a "felony drug offense" and because 21 U.S.C. § 841(b)(1)(C) is constitutional, his first objection will be overruled. His second objection will be overruled because expert testimony was presented during trial establishing that the victim's cause of death was a

fentanyl overdose and, but for the presence of fentanyl, the victim would have lived. The parties may address whether a fine should be imposed at the time of the sentencing hearing.

**I.**

Hixon was convicted by a jury of one count of conspiring to distribute a quantity of pills containing a detectable amount of oxycodone and/or a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was also convicted of one count of knowingly and intentionally distributing a mixture or substance containing fentanyl, the use of which resulted in the overdose death of K.F., in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). [Record No. 72]

The government filed a notice of prior conviction, explaining that if the defendant was convicted of distribution resulting in death, he would be subject to an enhanced statutory punishment under 21 U.S.C. § 841(b)(1)(C) because he had a prior final drug felony conviction for trafficking in a controlled substance first degree from May 7, 2004, in the Fayette Circuit Court. [Record No. 55] Hixon's previous conviction was under Kentucky Revised Statutes ("KRS") § 218A.1412 (2004). Hixon objected to the 851-notice, asserting that the enhanced penalty was unconstitutional in light of the First Step Act. He claimed that the change in the law violated his rights under the Eighth Amendment, the Due Process Clause, and the Equal Protection Clause. This Court overruled his objection to the 851-enhancement following a hearing, finding that the enhanced statutory penalty was constitutional and his prior conviction was for a "felony drug offense."

The Probation Office then prepared a PSR. As outlined in paragraphs 56 and 57, regarding Count One, the maximum term of imprisonment is 20 years, while the minimum term of imprisonment for Count Two is life. Hixon filed three objections to the PSR. As noted

above, he first objected to the statutory mandatory minimum applicable to Count Two and again argued that a mandatory minimum sentence of life imprisonment is unconstitutional. He contends that his prior conviction does not fit the definition of a "felony drug offense."

Hixon asserts that KRS § 218A.1412 is broader than the definition of "felony drug offense" and the statute is not divisible, meaning that Hixon's prior conviction cannot be deemed a "felony drug offense." Further, he argues that application of a mandatory minimum of life imprisonment violates his Due Process and Equal Protection rights. Additionally, Hixon objected to a factual determination that the forensic scientist testified to K.F.'s cause of death. Through an Addendum to the PSR, the probation officer addressed Hixon's objection to the factual finding by altering Paragraph 10 of the PSR to reflect the cause of death on the Kentucky Certificate of Death. However, this was unnecessary in light of the evidence presented during trial. The United States submitted a response and asserted that all of the defendant's objections should be overruled. [Record No. 88]

## II.

i. Hixon's prior conviction qualifies as a "felony drug offense."

An individual is subject to a sentence of life imprisonment if he has a prior conviction for a "felony drug offense" that has become final and if death or serious bodily injury resulted from the current offense. 21 U.S.C. § 841(b)(1)(C). A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Hixon argues that the Court must determine whether his conviction is a "felony drug offense" using the categorical approach. He asserts that the least culpable conduct in the Kentucky statute falls outside the definition of a "felony drug offense" and thus is too broad to be considered "felony drug offense." He contends that KRS § 218A.1312 criminalizes trafficking controlled substances and their analogues, which is not referenced in the definition of a "felony drug offense," meaning the statute is broader than the federal definition. He further contends that the Kentucky drug laws are not divisible. Thus, he believes that his prior conviction cannot be deemed a "felony drug offense."

Hixon cites to *United States v. Havis*, 927 F.3d 382, 384 (6th Cir. 2019), where the Sixth Circuit discussed the categorical approach to determine whether a prior conviction counted as a predicate offense under the United States Sentencing Guidelines ("the Guidelines"), to support the use of the categorical approach to determine if his conviction counts as a qualifying "felony drug offense." The Sixth Circuit stated in *Havis* that the definition of "controlled substance offense" under the Guidelines does not include attempt crimes under the categorical approach. *Id*. at 387. He also references *United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017), where the Sixth Circuit used the categorical approach to determine whether a state robbery conviction constituted a crime of violence under the Guidelines. The cases referenced by the defendant that he contends require the use of the categorical approach are interpreting language from the Guidelines, not interpreting "felony drug offense" under 21 U.S.C. § 841.

In *United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001), the Sixth Circuit explained that the "court does not employ a categorical approach to determine whether a prior conviction constitutes a 'felony drug offense' for purposes of section 841(b)(1)." It again stated in *Collins*

*v. Warden*, No. 18-5505, 2018 U.S. App. LEXIS 32177, at *4 (6th Cir. Nov. 13, 2018) (citing *Soto*, 8 F. App'x at 541), that the court does not use the categorical approach when determining whether a prior conviction is a "felony drug offense" under § 841(b)(1). The court explained that it "looks to see if the prior conviction meets 21 U.S.C. § 802(44)'s requirement that the conviction be 'punishable by imprisonment by more than one year.'" *Id*.

Additionally, this Court has explicitly rejected the use of the categorical approach used in the Guidelines context to determine whether a prior conviction constitutes a "felony drug offense" under 21 U.S.C. § 841. *See, e.g., United States v. Sydnor*, No. 16-21-2-DCR, 2018 U.S. Dist. LEXIS 47266 (E.D. Ky. Mar. 22, 2018). In *Sydnor*, the undersigned detailed how several members of the Court have previously considered and rejected the argument of using the categorical approach to determine whether a prior conviction is a "felony drug offense" under 21 U.S.C. § 841. *Id.* (citing *United States v. Shields*, 16-cr-85, 2018 U.S. Dist. LEXIS 12193, *1 (E.D. Ky. Jan. 25, 2018) (Reeves, J.); *Leonard v. Ormond*, 17-cv-191, 2017 U.S. Dist. LEXIS 207939, *4 (E.D. Ky. Dec. 19, 2017) (Bunning, J.); *Stone v. Butler*, 17-cv-152, 2017 U.S. Dist. LEXIS 192097, *2 (E.D. Ky. Nov. 20, 2017) (Caldwell, C.J.); *United States v. Wing*, 13-cr-87 & 16-cv-09, 2016 U.S. Dist. LEXIS 87793, *2 (E.D. Ky. July 7, 2016) (Hood, J.)). The Court further explained that, "to qualify as a 'felony drug offense' no detailed comparison of elements is required—it need only be determined that the prior offense 'related to' controlled substances. 21 U.S.C. § 802(44). Given the breadth of this definition the use of the categorical approach is neither necessary nor appropriate." *Shields*, 2018 U.S. Dist. LEXIS 12193, at *13-14 (citing *Stone*, 2017 U.S. Dist. LEXIS 192097, at *2)). Accordingly, the categorical approach is inapplicable to determine whether Hixon's prior conviction is a "felony drug offense."

As stated previously, a "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Trafficking in cocaine involves conduct related to a narcotic drug within this definition. 21 U.S.C. § 802(17)(D) (providing that cocaine is a narcotic drug); *see also United States v. Grayson,* 731 F.3d 605, 607 (6th Cir. 2013) ("'relating to' carries a broad meaning—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with'"); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) (explaining that "§ 802(44) only requires that the state statute criminalize conduct 'relating' to drugs," with "the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense[.]'").

The 2004 version of KRS § 218A.1412 provided that a person was guilty of a Class C felony for a first offense of trafficking in a controlled substance in the first degree. *See United States v. Lockett,* 359 F. App'x 598, 604-05 (6th Cir. 2009) (viewing the statute at the time of the prior conviction). A Class C felony is punishable by at least 5 years but not more than 10 years in Kentucky. Ky. Rev. Stat. §§ 532.020(1)(b); 532.060(2)(c). Accordingly, Hixon's 2004 conviction for trafficking in cocaine is a "felony drug offense" as defined by 21 U.S.C. § 802(44) and he is properly subject to an enhanced statutory penalty under 21 U.S.C. § 841(b)(1)(C).

<u>ii. The mandatory minimum sentence of life imprisonment does not violate Hixon's Due Process and Equal Protection rights.</u>

Hixon also argues that the imposition of a mandatory life sentence violates his rights under the Due Process Clause and the Equal Protection Clause because the passage of the First Step Act led to unevenly amended portions of 21 U.S.C. § 841.[1] *Compare* §§ 841(b)(1)(A)-(B) (providing enhanced penalties for defendants with prior convictions for "serious drug felonies"), *with* § 841(b)(1)(C) (providing enhanced penalties for individuals with prior convictions constituting "felony drug offenses").

The First Step Act of 2018 ("the Act") amended 21 U.S.C. § 841(b)(1)(A) and § 841(b)(1)(B) restricting the types of crimes that qualify as a prior conviction for a sentencing enhancement. Pub. L. No. 115-391, 132 Stat. 5194. Section 401 of the Act requires that a defendant previously was convicted of a "serious drug felony" or a "serious violent felony" to trigger enhanced penalties under § 841(b)(1)(A) and § 841(b)(1)(B). "Serious drug felony" is defined as an offense for which an individual actually served a term of imprisonment of more than 12 months. 21 U.S.C. § 802(57). The Act did not change the language of § 841(b)(1)(C), which enhances penalties for "felony drug offenses." "Felony drug offenses" includes offenses punishable by a term of imprisonment for more than one year. 21 U.S.C. § 802(44).

Hixon argues that the imposition of a life sentence violates his Due Process and Equal Protection rights because it creates criminal penalties based on arbitrary distinctions. He asserts that the statute punishes those who traffic in lower quantities of drugs more harshly than those who traffic in higher quantities of drugs. Hixon concedes that rational basis review

---

[1] Hixon first raised this argument at his § 851 hearing on August 16, 2019. [Record Nos. 79, 80] His argument was previously addressed and rejected by the Court. [*Id*.]

governs evaluation of the issue, even though he believes it should be subject to strict scrutiny.[2] However, Hixon contends that even under a rational basis review the statute does not pass constitutional muster because it is not rationally-related to the purpose of punishing defendants who distribute larger amounts of drugs to higher sentences.

"The analysis of a Fifth Amendment equal protection claim is identical to an equal protection claim under the Fourteenth Amendment." *United States v. Hughes*, 632 F.3d 956, 960 (6th Cir. 2011).

> Where the government's action "neither burdens a fundamental right nor targets a suspect class, [this Court] will uphold the legislative classification so long as it bears a rational relation to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631 (1996). Under rational basis review, any "classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'" *Johnson v. Robison*, 415 U.S. 361, 374-75 (1974) (quoting *Royster Guano Co. v. Virginia,* 253 U.S. 412, 415 (1920)).

*United States v. Blewett*, 746 F.3d 647, 683 (6th Cir. 2013). "The rational basis justifying a statute against an equal protection claim need not be stated in the statute or in its legislative history; it is sufficient that a court can conceive of a reasonable justification for the statutory distinction." *United States v. Dunham*, 295 F.3d 605, 610-11 (6th Cir. 2002) (internal quotation and citation omitted). The challenger "generally carries a heavy burden to show that a statute is arbitrary and unsupported by any rational basis." *Blewett*, 746 F.3d at 683.

Here, the applicable legislative distinction pertains to two classes of individuals: (i) defendants who have been convicted of trafficking higher quantities of controlled substances

---

[2] There is no fundamental right to liberty once an individual has been justly convicted. *United States v. Hughes*, 632 F.3d 956, 962 (6th Cir. 2011) (referencing *Chapman v. United States*, 500 U.S. 453, 465 (1991)).

under §§ 841(b)(1)(A) and (B) and are subject to a life sentence only if they have prior "serious drug felony" convictions; and (ii) defendants who have been convicted under the lower quantity threshold of § 841(b)(1)(C) and are subject to a life sentence if they have any prior convictions for "felony drug offenses." These are not "suspect classifications" and, as the Court explained during the August 16, 2019 hearing, there is a sufficient rational basis for the distinction because it is conceivable that Congress intends harsher punishments for street-level drug traffickers who *directly* sell smaller quantities to individuals who take them and the drug use results in death. The Sixth Circuit has explained that, "[w]here rational basis review governs, [the court] will not strike down a statute on equal protection grounds unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." *Johnson v. Bredesen*, 624 F.3d 742, 747 (6th Cir. 2010) (internal quotation marks omitted). The Court cannot conclude that Congress' decision not to amend § 841(b)(1)(C) was irrational. And there is a legitimate purpose to punish street-level dealers for causing the death of street-level users.

While not addressing the Due Process and Equal Protection arguments raised here, it appears that the Sixth Circuit has implied that § 841(b)(1) remains constitutional following the passage of the Act. First, the Sixth Circuit in *United States v. Wiseman*, 932 F.3d 411 (6th Cir. 2019), rejected the argument that the "serious drug felony" language of §§ 841(b)(1)(A) and (b)(1)(B) should apply to § 841(b)(1)(C). Although the constitutionality of § 841(b)(1)(C) was not raised in that case and it involved a defendant who was sentenced before the Act's enactment, the Sixth Circuit was clear that courts should interpret § 841(b)(1)(C) as written. *Id.* at 416-17.

Second, in *United States v. Whyte*, No. 18-2139, 2019 U.S. App. LEXIS 33667, at *27-28 (6th Cir. Nov. 12. 2019), the Sixth Circuit rejected an Eighth Amendment "cruel and unusual punishment" challenge to a life-without-parole sentence imposed under § 841(b)(1)(C). The defendant did not argue that the relevant changes to subsections (A) and (B) rendered life sentences imposed under subsection (C) unconstitutional, likely because he was sentenced prior to the Act's enactment. *Id.*[3] Instead, the defendant argued that while the Act was not directly relevant, the changes demonstrate "evolving standards of decency" that support his argument that a life sentence was unconstitutionally grossly disproportionate to the crime committed. Reply Brief for Defendant-Appellant at *16-17, *United States v. Whyte*, No. 18-2139, 2019 WL 5884550, at *1 (6th Cir. 2019), 2019 WL 1795400; *see also* Principal Brief for Defendant-Appellant at *33-36, *United States v. Whyte*, No. 18-2139, 2019 WL 5884550, at *1 (6th Cir. 2019), 2019 WL 135563.

The Sixth Circuit wrote that, while "the Supreme Court has held that the Eighth Amendment bars legislatures from imposing a 'sentence for a term of years' that is 'grossly disproportionate for a particular defendant's crime,'" in *Graham v. Florida*, 560 U.S. 48, 60 (2010), "[the Sixth Circuit has] repeatedly rejected Eighth Amendment challenges to the mandatory life-without-parole provisions in 21 U.S.C. § 841(b)(1) . . . ." *Whyte*, 2019 U.S. App. LEXIS 33667, at *27 (citing *United States v. Potter*, 927 F.3d 446, 454-55 (6th Cir. 2019); *United States v. Young*, 847 F.3d 328, 363-64 (6th Cir. 2017); *United States v. Kelsor*, 665 F.3d 684, 701 (6th Cir. 2011); *United States v. Graham*, 622 F.3d 445, 452-54 (6th Cir.

---

[3] Instead, the argument centered around the disproportionality of a life sentence in Whyte's circumstance because he sold the relevant drugs to a third party who then conveyed the drugs to an individual who subsequently died. *Id.*

2010)). Considering the "evolving standards of decency" argument specifically, the court concluded that a life sentence imposed under § 841(b)(1)(C) does not violate the Eighth Amendment because "Congress deliberately excluded drug sales 'resulting in death' from the First Step Act's sentencing reforms." *Whyte*, 2019 U.S. App. LEXIS 33667, at *28 (citing *Wiseman*, 932 F.3d at 417).

*Whyte's* brief consideration of the Act's reforms as they apply to an Eighth Amendment challenge to a § 841(b)(1)(C) life imprisonment sentence does not question the constitutionality of the subsection's enhanced penalties for all implicated defendants who have been convicted of any "felony drug offense." Instead, the *Wiseman* citation in *Whyte* insinuates that the court determined that standards of decency regarding subsection (C) circumstances have not changed because Congress "deliberately" chose not to amend the relevant language of that subsection. *Id.; see also United States v. Crowder,* No. 4:17-CR-00291, 2019 U.S. Dist. LEXIS 90398, at *24 (M.D. Pa. May 30, 2019) (holding that the defendant's attempt to stretch Congress' plain intent not to alter the language of § 841(b)(1)(C) was misplaced). This supports the fact that § 841(b)(1)(C) was constitutional before, nothing has changed, and it remains constitutional today.

Further, in *United States v. Smith*, 681 F. App'x 483, 489 (6th Cir. 2017), the Sixth Circuit addressed a due process challenge to the application of the career-offender enhancement under the Guidelines. The defendant argued that his predicate offenses were for minor conduct and different states would punish such conduct differently – his conviction would be a predicate offense in Illinois, but not in Ohio. The court concluded that the "fact that different states punish the possession of a certain amount of a controlled substance differently, thus making the same conduct a predicate for a career-criminal enhancement for

some defendants but not for others, does not give rise to a constitutional challenge to the Guidelines." *Id*. at 490; *see also United States v. Fink*, 499 F.3d 81, 87 (1st Cir. 2007) (explaining that while definitions of crimes may vary from state to state, this is insufficient to find that the enhancement based on a prior conviction violates equal protection). While the challenge in Smith was to sentencing disparities under the Guidelines provisions, the reasoning applies equally here. Merely because a predicate offense would qualify under the "felony drug offense" language, but not the "serious drug felony" language does not give rise to a constitutional challenge.

In summary, there is a rational basis for 21 U.S.C. § 841(b)(1)(C) remaining unchanged and the statute is constitutional. Accordingly, this objection will be overruled.

### iii. Expert testimony established K.F. cause of death to be the dose of fentanyl distributed by Defendant Hixon.

Hixon contends that the original draft of the PSR stated that "forensic toxicologist [Michael Ward] rendered the opinion that the cause of K.F.'s death was the lethal dose of fentanyl," but that Ward did not testify the cause of K.F.'s death. The probation office then modified the PSR to reflect that "the Kentucky Certificate of Death reflects the immediate cause of death to have been "Acute combined drugs (cocaine, fentanyl, gabapentin) toxicity." Based on this objection and subsequent modification, the probation officer states that the objection is "Resolved. Does not impact guideline calculations." However, it was not necessary for the probation officer to make this change to accommodate the defendant's objection since expert testimony correctly reflected the probation officer's original statement regarding the victim's cause of death.

Forensic toxicologist Michael Ward testified regarding K.F.'s cause of death. [Record No. 87] Ward testified that, "in [his] opinion, this individual died as a result of a fentanyl overdose" and "but for the presence of fentanyl," K.F. would have lived. [Record No. 87, p. 22] He also agreed on cross-examination that he was comfortable opining on the cause of death in this case and stated that, "[i]nasmuch as there was a syringe at the scene, that the individual had a foam cone, that he had what I would consider a lethal level of fentanyl in his blood, I would still opine that that's what caused his death." [Record No. 87, p. 28] Thus, while forensic toxicologist Ward did testify to the cause of death of K.F., the Probation Office unnecessarily modified Paragraph 10 of the PSR to reflect the cause of death listed in the Kentucky Certificate of Death.

**III**.

In conclusion, Hixon's prior conviction qualifies as a "felony drug offense" under 21 U.S.C. § 841(b)(1)(C) and the statutory mandatory minimum sentence should be life. Further, the application of the mandatory minimum of life imprisonment does not violate Hixon's Due Process and Equal Protection rights because there is a rational basis underlying the statute. As a result, Hixon's first objection to the PSR will be overruled. Hixon's second objection to the PSR will be overruled because expert testimony established during trial the victim's cause of death was a fentanyl overdose and, but for the presence of fentanyl, the victim would have lived.

Accordingly, it is hereby

**ORDERED** that Hixon's first and second objections to the PSR are **OVERRULED**. The parties may address Hixon's third objection to the PSR at the time of the sentencing hearing.

Dated: December 5, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky